## INTENT OF THE CODE WITH REFERENCE TO PLEADING.

Common Pleas Court of Franklin County.

### GEORGE ALESHIRE, JR. v. THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILROAD CO.

Decided, April Term, 1923.

*Pleading—Erroneous Practices—Masses of Express Admissions and Partial Explanations—And Failure to State the Precise Points in Issue—Certainty, Precision and Definiteness all Important but often Lacking.*

1. An erroneous practice has grown up of admitting certain averments of a petition, to deny others wholly or partially, to explain and modify others, in short, to write in one answer or division thereof a mass of special admissions, and denials, concluding with a sweeping clause denying each and every other allegation of the petition met expressly denied, admitted or mentioned.

2. The true intent of the code plainly demands certainty, precision, and definiteness in the allegations of both parties, and especially in the denials by which the defendant places on the record the exact issues intended to be tried.

3. This design of the code is utterly defeated by the vicious style described in the first syllabus which has been utterly abrogated by present day wrongful practice, and as stated by Pomeroy, the courts ought to have pronounced most emphatically against it when it first made its appearance.

4. The code requires either a general denial, or specific denials, or defenses in confession and avoidance. The general denial is intended to be an answer to the entire petition to negative all its averments.

5. Each denial should be a single and separate defense. Certain it is, the code does not contemplate an answer consisting of a general denial, directed to a part of the complaint or petition, and connected with other admissions, partial denials, and explanations.

6. Where a petition contains numerous averments; and the answer is a mass of express admissions, partial explanations, and concludes with the prevailing hybrid form of denial, we have all the evils which can result from the most vicious system or no system.

7. When parties state their respective claims, denials and defenses as the code system designs shall be done, there will be less likelihood of failure to state the precise points at issue between the parties.

(Syllabus copied from quotation from Pomeroy in opinion.)

KINKEAD, J.

The submission is upon a motion to the amended answer of the defendant. The present answer contains some of the matter which the court specifically ruled should be stricken out, and a number of other objections are made, which will be taken up in the order in which they appear.

In the first defense the defendant—

"Denies that on the 4th day of January, 1922, the plaintiff in obedience to his instructions attempted to go around the rear end of the engine which was being repaired, when he was injured; that it was necessary for the plaintiff to go around said engine to unhook any springs;"

The allegation of the petition which defendant undertakes to deny reads,

"Attempted to go around the rear of one of the engines which was being repaired  *    *   that it was necessary for plaintiff to go around said engine to unhook certain steel springs which were being brought forward, etc."

Consider the form of denial of the above quoted allegation, and recall the allusions made by text writers to a vice peculiar to certain forms of traverses—to such forms of negatives as imply an affirmative, known as the Negative Pregnant. This irregular form will not be found in a correct type of code general denial—which we do not always find in pleading—because vices which have crept into the Code practice, just as they did in the common law which we studied in earlier days.

A negative pregnant is a form of special denial which is pregnant with an irregular, erroneous form of denial, which contains an admission, by implication. This imperfect traverse is often encountered where one is called on to answer an alle-

gation of several facts connected by the copulative conjunction, where the pleader answers or replies denying them in *haec verbis,* which admits that some of the facts may be true. There is in such case no denial of any one fact, it being, instead. a denial of the whole as connected or happening together.

The form of denial may seem to be harmless and non-prejudicial; it evidently is so regarded, as it is frequently used. What is deemed worthy of denying at all would seem to deserve a legal denial.   See Bliss Pl. Sec. 332.

"The only pleas authorized by the Code to be used by a defendant are the general or specific denials, and the plea if new matter." *Converse* v. *Motors Co.,* 21 N. P. (N.S.), 345.

No one will question this; then why pursue an improper course, and seek to justify it, when a little thought will lead one in the right direction.

The desire is to keep within the spirit and letter of the code, and not wander away from it so that the system will be brought into disrepute as was the common law.  It seems not difficult for the draughtsman to place himself in the position of the court thus taking into consideration the judicial point of view, and especially the duty and function of stating the issues to the jury, which must be done by resort to the pleadings. Then the judiciary must go over hundred's of pleadings, and the duty of properly stating the issues in jury trials is of the highest importance. In the majority of cases the court can best perform this function, not by reading the pleadings, but by reducing them into simpler and more concise, definite form. But counsel may not appreciate the task of considering the great number of pleadings—and more especially the constant departures from correct practice which has a tendency to bring out system into disrepute somewhat like the older practice.

The language sought to be stricken from the amended answer is the same matter which the court of its own motion ordered stricken out.   There can be no doubt of the power of

the court, and there is no impropriety in such a course, where the purpose is to secure compliance with the code thereby securing an efficient administration of the law.

The language sought to be stricken from the amended answer is the same matter ordered to be taken out of the pleading by the court on its own motion, but which was not complied with. It begins with the words "The defendant admits" on the second page, and ends with the words "not herein denied," and is mere repetition of the allegations contained in plaintiff's petition. It is a form of denial not in compliance with the rule of the code, which runs counter to the rule against negative pregnant. The court has power to strike matter from a pleading although sometimes such an order is ignored.

The rule requires the facts to be stated without repetition, and this—

"Applies to pleadings of both parties, and forbids the repetition of facts alleged in a petition by allegations of admissions thereof by defendant. Such repetition of facts also violates the rule which requires facts to be stated in ordinary and concise language, which contemplates this shall be done in the established order and methodically."

"Ordinary language is the use of such English words as are used in strict requirement of the rules required by the Code. Compliance with the rule of ordinary language requires that the facts shall be stated in concise and condensed form, and forbids useless repetition by methods not authorized." *Converse* v. *Panhard Motors Co.*, 21 N. P. (N.S.), 345.

There is a page of repetition of admitted allegations in the pleading, whereas the only means prescribed by the code to be used by the defendant is the general and specific denials, or the statements of new matter by answer as a defense, counterclaim or set off.

The specific provision of the Code (Section 11314), is that the answer shall only contain a general or specific denial of each material allegation of the petition controverted by defendant, or a statement of new matter constituting a defense, counterclaim or set-off.

It is then entirely clear that the specific modes thus exclusively provided by the code mandatorily forbid encumbering the record with useless repetition of matters not denied specifically or generally.

The pleader should be so scrupulously certain that every allegation by the adversary has been specifically denied, precisely in the manner prescribed by the code so there can not be any doubt whatever concerning the issues. It is better to follow the letter and spirit of the code than to persist in following a course wholly contrary to the rules prescribed and to repeatedly disregard the familiar and well settled rules of practice.

Counsel quote from Phillips Code Pleading Sec. 233 where it is stated that:

"It is common· practice to admit certain allegations of the complaint, and to deny all allegations therein not expressly admitted, etc."

No one understands this better than the Bench and Bar; no one knows how judicial interference with this "mongrel" illegal practice on the part of the Bench is looked upon by some members of the profession when efforts are made to rescue the code from ·constant infractions. This is not our first experience, there is a right and a wrong way, and few there are who pursue the right course.

Returning to the quotation from Phillips brought to our attention by defendants counsel, it is further stated:

"This general denial of only a part of the allegations of· the complaint ·combined with an admission as to others, has been criticized as 'a mongrel form of answer' not contemplated by the reform system and not in harmony with its true theory. But it has the sanction of uniform practice and the. approval of numerous courts, and may be regarded as the settled and authorized practice."

It is not the "settled and authorized practice" in the sense that it is settled or authorized by the *provisions of the code* or by *judicial sanction.* The provisions of the Code expressly for-

bids any such practice, and the few old decisions cited by Phillips are of no value whatsoever because the sole source of authority is found in the provisions of the code; it is erroneous to state that it has the sanction of the approval of numerous courts, neither is it to be regarded as the settled and authorized practice. An examination of the decisions cited by Phillips will not sustain the claim asserted, and we regard the statements made by the author as improper and unwarranted. So it is concluded that the quotation from the work found in the brief of counsel is not the rule and cannot be relied upon.

Dean Bryant of the University of Wisconsin in his volume on Pleading appropriately states that "it is always dangerous to laboriously depart from the clear directions of a statute mode of pleading." Bryant Code Pl., p. 229.

Pomeroy on Code Remedies, Sec. 524, calls attention to the fact that:

"A practice has * * * grown up of framing an answer in the following manner: To admit such of the plaintiff's averments * * * as the facts of the case require; to deny others wholly or partially; to explain and modify others; * * * *in short, to write in one answer or division thereof a mass of special admissions,* denials, explanations, and affirmative statements, and to conclude the whole with a sweeping clause somewhat in this form: 'As to each and every other allegation in said complaint not herein expressly admitted or denied or mentioned, the defendant hereby denies the same;' or, 'And the defendant denies each and every other allegation in said complaint not hereinbefore expressly admitted or denied or mentioned.' "

Pomeroy further states (Sec. 524):

"The true spirit and intent of the theory introduced by the reformed procedure plainly demand certainty, precision, and definiteness in the allegations of *both parties,* and *especially in the denials by which the defendant places on the record the exact issues intended to be tried.* * * * This design of the codes would, however, be utterly defeated if the vicious style of defense thus described should become common; and

the courts, it is submitted, ought to have pronounced most emphatically against it when it first made its appearance.''

I suppose lawyers will take a lecture from such an author as Pomeroy with better grace than they will from one of their own judges. But it is my experience that they do not welcome such decisions as this, and especially *sua sponte* interferences, which they have treated with—well perhaps I had better say with indifference—and refusal to comply therewith.

Let us read more from Pomeroy; it is good reading; it will do the lawyers no harm to read it:

''The codes require either a general denial, or specific denials, or defenses in confession and avoidance.  *  *  *  The general denial is evidently intended to be an answer to the entire complaint—to negative all its averments.  *  *  *  I am of opinion that each denial ought to be a single and separate defense, etc.  *  *  *  Certain it is that the codes do not, by any stretch of their language, contemplate an answer consisting of a general denial directed to a part only of the complaint or petition, and connected with other admissions, partial denials, and explanations.  *  *  *

''If the  *  *  *  petition contains numerous averments, and answer *is such a mass of express admissions*  *  *  *  partial explanations  *  *  *  and conclude with the formula above quoted, *we have all the evils which can result from the most vicious* system or no system that can possibly be concerned.  *  *  *  I am confident (Pomeroy states) that the theory of the reformed procedure, *when lived up to and accurately* followed, will give  *  *  *  practical results, etc.''

Notwithstanding these considerations, Pomeroy calls attention to the seeming approval of the most slovenly manner of stating the defenses and denials by the courts of New York and other states, among which are the cases cited by Judge Phillips in his incorrect statement and hereinbefore cited.

In considering the pleadings, may I not ask counsel to dwell upon the important duty and function of the trial judge in the statement of the issues to the jury. In the early experience of a judge, he probably will read the pleadings *ver-*

*batim ad literatum.* I expect many of us have had the same experience; after reading the pleadings—every word of them— with the mass of special admissions, denials, explanations, affirmative statements, the judge has not only lost sight of the vital questions, but the jury is up in the air so far, that it is necessary to bring it back to mother earth by attempting to explain the vital essential questions which the jury must decide, and to state the law applicable thereto. Expressing the judicial attitude in a more serious turn of mind, regarding the statement of the issues and the rules of law applicable, it is generally better not to literally read the pleadings, though this does not prove that less regard is had for them, but it is rather indicative of a greater desire to simplify and more efficiently perform this important judicial function. The effort is to rescue the ultimate operative facts from the mass of allegations, repetition of admissions, and to state the ultimate claims of the respective parties in as clear and simple manner as will enable the jury to understand the ultimate claim of the parties which are affirmed and denied.

So if counsel will state their respective claim, denials and defenses *as the code system designs shall be done,* there will be less likelihood of failure to state the precise points at issue between the parties. Pursuing such course, exercising care to state concisely and accurately the points in dispute, and giving correct instructions concerning the law applicable to the respective claims of the parties, the irregularities frequently appearing in the statement of the claims and defenses, and the frequent infractions of the correct rules of pleading will be placed where they belong in *innocuous desuetude.*

The first ground of the motion to strike out the admission beginning with the words: "The defendant admits" and ending with the words "not herein denied" is sustained.

The denials contained in the first defense are objectionable. Plaintiff "denies that on the 4th day of January, 1922, the plaintiff in obedience to his instructions attempted to go around the "rear end of one of the engines which was being

repaired, etc.,'' is objectionable for the reason that it is in the nature of a negative pregnant, being a denial in the language used in the allegations of the petition; it is a form of denial of a fact or facts in the language of the allegations of the petition, and is objectionable for reasons stated by Pomeroy Code Rem. at Section 509 (618). It is a denial of a fact asserted by plaintiff that in obedience to his instructions (he) attempted to go around the rear end of one of which was being repaired.

It seems entirely clear that the forms of denials contained in the first defense are in conflict of the rule stated by Pomeroy as above stated. The denial is not clear and specific.

It may appropriately be suggested that it would not conflict with the rules, if defendant should specifically and unequivocally deny that defendant gave instructions to plaintiff to go around the rear end of plaintiff's engine while it was being repaired; or to state it denies that it was necessary that plaintiff should go around plaintiff's engine to unhook the steel springs; it denies that plaintiff was acting under a peremptory order given by defendant's shop foreman or boss; it denies that a chunck of steel was thrown from a height of ten feet above plaintiff's head; it denies that such chunck of steel struck plaintiff on top of his head; it denies that plaintiff was injured in the manner claimed and alleged; it denies that plaintiff's head was cut, bruised and lacerated, or that his scalp was laid open, or that twelve stitches were taken in his head; it denies that plaintiff suffered loss of blood and a nervous shock.

Specific denials thus aimed directly at the express allegations thus separately and specifically and unequivocally, and not in repetition, and it avoids the grouping of the entire allegation in almost the language of plaintiff's allegations, and will more clearly come within the rules of pleading, and will avoid the objections so clearly stated by the doctrine quoted from Pomeroy at Section 509 (618).

The denials will then more clearly constitute an express

denial of the specific acts and alleged injuries which plaintiff claims to have sustained.

The allegations of the petition are of several distinct and separate facts, and by framing the separate and distinct denials of the several distinct and separate injuries, there will then not be several and distinct separate acts or occurrences connected by a copulative conjunction; and it will not then constitute a traverse in *ipsis verbis* of the same facts as alleged by plaintiff connected by the same conjunction. Specific and separate express denials of each separate claim made by the plaintiff is in compliance with the rules of pleading.

Critics complain of the alleged technicalities of the law; every trade or profession has its technicalities and appropriately so, for the reason that a technicality is that which is peculiar to any trade or profession.

When viewed in its proper light there is no just ground of complaint concerning alleged technicalities. The technicality required in the science of pleading is that specific denials must be aimed at each assertion of an adversary, and the requirement of the science of pleading is that specific denials must be unequivocal so that the affirmations and denials direct and specific as to each.

An order may be drawn in accordance with this opinion.